**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

DONOVAN RAY GARCIA,

    Petitioner,

vs.                                                        CIV NO. 03-0092 WPJ/ACT

RON LYTLE,

    Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on Respondent Ron Lytle's Motion to Dismiss the Petition for Habeas Corpus filed on January 21, 2003 (Doc. No. 12). The United States Magistrate Judge, having reviewed the Petition, the Motion and Memorandum in Support, the Answer and the Exhibits finds that the Motion to Dismiss is well taken and recommends that it be GRANTED. Petitioner Donovan Ray Garcia has also moved for appointment of counsel (Doc. No. 3). The United States Magistrate Judge recommends that the motion for appointment of counsel be DENIED.

PROPOSED FINDINGS

1. Petitioner is currently incarcerated in a New Mexico correctional facility and is proceeding *pro se* and *in forma pauperis*.

2. Petitioner pled guilty to murder in the second degree and signed a Plea and Disposition Agreement, dated and filed March 22, 2001. (Answer, Exhibit B).

3. Pursuant to the Judgment, Sentence and Commitment of the Seventh Judicial District Court, County of Torrance, State of New Mexico, filed July 12, 2001, Petitioner was sentenced to fifteen years imprisonment with an additional one year enhancement as a habitual offender, followed by two years of parole. (Answer, Exhibit A.)

4. At all times, during the Plea and Disposition Hearing as well during the imposition of the Judgment and Sentence, Petitioner was represented by counsel. (Answer, Exhibits A & B.)

5. Petitioner did not file a direct appeal or a motion to reconsider his sentence.

6. On January 21, 2003, Petitioner filed his federal petition for a Writ of Habeas Corpus. (Doc. No. 1).

7. Respondent answered and moved to dismiss on February 24, 2003, asserting that the Petition is barred by the one year statute of limitations period of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. §2244(d)(1). (Docs. No. 11 and 12).

8. AEDPA states that "the limitation period shall run from the latest of - (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244 (d)(1). Petitioner had thirty (30) days from the entry of the Judgment, Sentence and Commitment in which to seek a review or until August 11, 2001. NMRA, 12-201(A)(2).

9. The statute of limitations for filing his federal petition for Writ of Habeas Corpus began to run August 12, 2001, the day after the Judgment against Petitioner became final, and expired August 11, 2002.

10. Petitioner did not file any state post-conviction applications for review or state petitions for a writ of habeas corpus until September 5, 2002 or later, after the one year statute of

limitations of AEDPA had expired. (Answer Ex. C).

11. The tolling provisions of AEDPA contained in 28 U.S.C. §2244(d)(2) which suspend the time counted toward the one year statute of limitations during which a properly filed application for state post-conviction review is pending, are not applicable in this case.

12. Petitioner responded to the Motion to Dismiss in a document filed May 19, 2003 but did not raise any issues which would support the doctrine of equitable tolling. *See, Miller v. Marr*, 141 F. 3d 976, 978 (10th Cir. 1998), *cert. denied*, 525 U.S. 891 (1998).

## RECOMMENDED DISPOSITION

IT IS HEREBY RECOMMENDED that Respondent's Motion to Dismiss be GRANTED, the §2254 Petition for a Writ of Habeas Corpus be DISMISSED as time-barred, and the Petitioner's Motion for Appointment of Counsel be DENIED.

## NOTIFICATION

THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections to with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102, pursuant to 28 U.S.C. §636 (b)(1). A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
ALAN C. TORGERSON
UNITED STATES MAGISTRATE JUDGE